IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-692-DCK

| | |
|---|---|
| JONATHAN CAMPBELL, | ) |
| Plaintiff, | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 15) and "Defendant's Motion For Judgment on the Pleadings" (Document No. 17). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will direct that Plaintiff's "Motion For Summary Judgment" be denied; that "Defendant's Motion For Judgment on the Pleadings" be denied; that the Commissioner's decision be vacated; and that this matter be remanded for further consideration.

### I. BACKGROUND

Plaintiff Jonathan Campbell ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1).

Plaintiff first filed an application for disability insurance benefits on May 15, 2017, alleging a disability onset date of April 7, 2017. (Transcript of the Record of Proceedings ("Tr.") 253, 311). An Administrative Law Judge denied that application on June 4, 2019. (Tr. 321). Plaintiff did not appeal. (Tr. 253).

On or about August 12, 2019, Plaintiff filed a new application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, alleging an inability to work due to a disabling condition beginning January 1, 2018. (Tr. 253). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on October 8, 2019, and again after reconsideration on or about January 9, 2020. (Tr. 253, 362, 357). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 367).

Plaintiff filed a timely written request for a hearing on January 21, 2020. (Tr. 253, 374). On June 15, 2020, Plaintiff appeared and testified at a telephonic hearing before Administrative Law Judge D. Randall Frye (the "ALJ"). (Tr. 253, 269-307). In addition, Ellen Levine, a vocational expert ("VE"), and Daniel Bridgman, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on July 16, 2020, denying Plaintiff's claim. (Tr. 250-262). On July 24, 2020, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on October 13, 2020. (Tr. 1-7, 435-37). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on December 11, 2020. (Document No. 1). The parties consented to Magistrate Judge

jurisdiction on May 24, 2021, and this case was reassigned to the undersigned as presiding judge. (Document No. 12).

Plaintiff's "Motion for Summary Judgment" (Document No. 15) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Document No. 16) were filed July 26, 2021; and the "Defendant's Motion For Judgment on the Pleadings" (Document No. 17) and "Memorandum In Support Of Defendant's Motion For Judgment on the Pleadings" (Document No. 18) were filed September 28, 2021. Plaintiff timely filed a reply brief on October 11, 2021. (Document No. 19).

The pending motions are now ripe for review and disposition.

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

3

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between January 1, 2018, and the date of the ALJ decision.[1] (Tr. 254). To establish entitlement to benefits, Plaintiff has the burden of proving disability within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

>   impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled;  and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps;  if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy.  Pass, 65 F.3d at 1203.  In this case, the ALJ determined at the fifth step that Plaintiff was not disabled.  (Tr. 260-61 ).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since January 1, 2018, the alleged disability onset date.  (Tr. 255).  At the second step, the ALJ found that migraines, history of traumatic brain injury, neuropathy, depression, personality disorder, anxiety, insomnia, and panic attacks were severe impairments.[2]  (Tr. 256).  At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1.  Id.

---

[2]  The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage.  See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform "a full range of work at all exertional levels, but with the following nonexertional limitations":

> [N]o climbing of ladders, ropes, or scaffolds; no work around heights or dangerous equipment; work that would require no more than frequent handling and fingering; simple routine, and repetitive tasks with 1-2 step work process at a non-production pace; and occasional interaction with supervisors, other employees, and the public.

(Tr. 257). In making this finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p." (Tr. 258).

At the fourth step, the ALJ held that Plaintiff could not perform his past relevant work as a Parts Sales Representative, Motor Vehicle Sales Representative, and Area Supervisor. (Tr. 260). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. Id. Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a General Helper, a Final Assembler, and a Laundry Folder. (Tr. 261). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between January 1, 2018, and the date of his decision, July 16, 2020. Id.

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ erred in his treatment of Plaintiff's migraine headaches; (2) the ALJ erred in his treatment of the medical opinion evidence regarding Plaintiff's depressive disorder; and (3) the ALJ erred by failing to discuss Plaintiff's VA disability rating and accord it substantial weight as required by law. (Document No. 16, p. 4).

As discussed below, the undersigned finds that Plaintiff's first assignment of error provides sufficient cause for remand and further consideration.

**Migraine Headaches**

Plaintiff argues that the ALJ erred in his consideration of Plaintiff's migraine headaches and accordingly failed to account for them in determining Plaintiff's residual functional capacity. Specifically, Plaintiff contends:

> [T]he record documents that Mr. Campbell has suffered from ongoing migraine headaches with photophobia, phonophobia, and nausea which would significantly impair his ability to hold a job…. The ALJ never really explains why he did not include RFC limitations on light exposure, noise exposure, or time off task to allow Mr. Campbell to lie down when these migraines occur.

(Document No. 16, p. 7).

In his decision, the ALJ acknowledges Plaintiff's diagnoses of migraines, neuropathy, and "traumatic brain injury while working as a Marine in Iraq." (Tr. 258) (citing Tr. 631, 966, 970). The ALJ then provides the following assessment of Plaintiff's migraines:

> No aura has been noted with the claimant's migraines (B7F/50; B13F/13). In addition, the claimant has not required aggressive treatment or evaluation for his migraines, such as Botox injections or occipital nerve blocks. In limiting the claimant with postural, manipulative, and environmental limitations, the undersigned has adequately accounted for the claimant's migraines, history of traumatic brain injury, and neuropathy.

(Tr. 259) (citing Tr. 886, 1084).

Plaintiff takes issue with the ALJ's "(apparent) assumption that Mr. Campbell's migraines must not be that severe if he was not initiated on occipital nerve blocks or similar injections," and also contends that, based on medical authorities, "the presence or absence of aura says nothing about the severity" of Mr. Campbell's symptoms. (Document No. 16, p. 8-9) (citing SSR 19-4p). Plaintiff cites evidence that Mr. Campbell "experienced debilitating migraines two to three times

7

per month" during the relevant period that "lasted anywhere from one day to one week each," and that "on bad days with a severe migraine, he stayed in bed all day, unable to move, shower, eat, drink, or do chores," despite compliance with medication treatments. (Document No. 16, p. 4). Plaintiff also refers to the vocational expert's testimony that "if [Plaintiff] had to be absent two days or more per month, then he would be unable to work." (Document No. 16, p. 4).

In essence, Plaintiff argues that the listed limitations comprising the RFC do not adequately account for the "severe pain, nausea, photophobia and phonophobia from migraines requiring Mr. Campbell to avoid light, avoid noise and lie down until the migraines subside" evidenced by the record. (Document No. 16, p. 9).

Defendant argues that the ALJ's findings are based on the record as a whole and "enjoy more support than is required to meet the modest substantial evidence threshold." (Document No. 18, p. 6-7). Defendant contends that the ALJ "provided a detailed description of Plaintiff's testimony, medical opinions, state agency medical consultants opinions and the evidence provided by the Veterans Administration" and "accounted for the limitations, he found credible." (Document No. 18, p. 7). Defendant contends that "[t]he ALJ thoroughly discussed [Plaintiff's] subjective complaints regarding his migraines in formulating the RFC, but found that the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record." (Document No. 18, p. 6). Defendant points out that the ALJ "noted Plaintiff's testimony that he alleged difficulties with headaches that occurred one to two times per week that required bedrest" in addition to his discussion of Plaintiff's examination results, migraine diagnoses, and migraine treatment methods. (Document No. 18, p. 6) (citing Tr. 258).

8

Case 3:20-cv-00692-DCK    Document 20    Filed 06/24/22    Page 8 of 10

The undersigned finds that the ALJ's explanation regarding Plaintiff's migraines frustrates meaningful judicial review. The ALJ may have properly evaluated Plaintiff's symptoms in arriving at the specified RFC limitations. However, Plaintiff's argument is ultimately persuasive that the ALJ "never really explains" how the postural, environmental, and manipulative limitations account for several of Mr. Campbell's statements about his symptoms and the apparent severity of his migraines. (Document No. 16, p. 7). In addition, the ALJ provides little, if any, explanation of how Plaintiff's history of neuropathy and traumatic brain injury relates to his migraines and/or the RFC limitations. (Tr. 250-62).

Although "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [his] decision," an ALJ must still provide sufficient explanation with respect to conclusions drawn. Thomas v. Berryhill, 916 F.3d 307, 311-12 (4th Cir. 2019) (quoting Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014). In this case, the ALJ's conclusion regarding Plaintiff's migraines does seem to rest on, as Plaintiff contends, an "(apparent) assumption" that the nature of Plaintiff's treatment plan, the lack of aura associated with Plaintiff's migraines, and Plaintiff's "mostly normal" presentations on examination with respect to other diagnoses negate Plaintiff's statements about the severity of the headaches and the degree of incapacitation they cause. (Document No. 16, p. 8-9; Tr. 258-59). The ALJ states that Plaintiff's statements concerning his symptoms "are not entirely consistent with the medical evidence and other evidence in the record" and that "[t]he claimant's impairments are less limiting than alleged"; however, the ALJ does not offer any further statements on the relationship between these conclusions and the evidence presented with respect to the migraines. (Tr. 258-59).

It may be that the listed RFC limitations do, in fact, adequately account for the entirety of Plaintiff's migraine symptoms as reflected by the record. However, without further explanation,

9

the undersigned cannot meaningfully review whether substantial evidence in the record supports the conclusions.

Because the ALJ's opinion thus frustrates meaningful review with respect to Plaintiff's first assignment of error, the undersigned will remand on this issue. The undersigned respectfully encourages Defendant to consider all of Plaintiff's assignments of error upon reevaluation of Plaintiff's case.

## IV. CONCLUSION

Although this case presents a close call, the undersigned finds that the ALJ's opinion is not adequately supported by substantial evidence. As such, the undersigned will direct that the Commissioner's decision be vacated and remanded for proceedings consistent with this opinion.

**IT IS, THEREFORE, ORDERED** that: Plaintiff's "Motion For Summary Judgment" (Document No. 12) is **DENIED**; the "Defendant's Motion For Summary Judgment" (Document No. 17) is **DENIED**; and the Commissioner's determination is **VACATED**. This matter shall be **REMANDED** for reconsideration consistent with this order.

**SO ORDERED**.

Signed: June 24, 2022

David C. Keesler
United States Magistrate Judge